PEOPLE ex rel. BURNS v. BAKER et al.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

MUNICIPAL CORPORATIONS—POLICE—PROMOTION—CIVIL SERVICE—CREDIT FOR HEROISM.

    A policeman, promoted from patrolman to roundsman for an act of heroism, is not entitled, on a civil service examination for further promotion, to credit for such act; New York City Charter, Laws 1901, p. 122, c. 466, § 288, providing that promotions in the police force shall be made on the basis of seniority, meritorious police service, and superior capacity, as shown by competitive examination, and that "individual acts of personal bravery may be treated as an element of meritorious service in such examination, the relative rating therefor to be fixed by the municipal civil service commission," not being mandatory that the competitor shall be given a rating for his acts of bravery in every successive grade in which he enters a competitive examination for promotion, without regard to whether they were performed in the grade from which he seeks a promotion, and the commission having a rule confining rating for service to service in the grade from which promotion is sought.

Appeal from Special Term, Kings County.

Mandamus on the relation of William J. Burns, against William F. Baker and others, constituting the municipal civil service commission of New York. From an order granting an order for a peremptory writ, defendants appeal. Reversed, and motion denied.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

James D. Bell, for appellants.
Robert H. Wilson, for respondent.

GAYNOR, J. The relator was promoted from patrolman to roundsman for an act of heroic conduct in pursuing and taking a murderer at great personal risk. Now, having entered a competitive examination by the municipal civil service commissioners to get on the eligible list for promotion to another grade, i. e., that of sergeant, he claims that he is entitled to be credited with four marks for the said act of heroism; that being the number given in marking for conduct and efficiency, where the competitor is entitled to any credit for such an act. The civil service commissioners disallowed them to him, and appeal from the order below allowing a writ of mandamus to the relator to compel them to credit him with them, and rerate him on the list accordingly.

Having been credited with the act of heroism in the grade in which he performed it, and promoted thereon, he is not entitled to be credited with it again in order to get another promotion to a higher grade. Section 288 of the city charter (Laws 1901, p. 122, c. 466) provides that:

"Individual acts of personal bravery may be treated as an element of meritorious service in such examination" (examinations for promotion by the civil service commissioners). "the relative rating therefor to be fixed by the municipal civil service commission."

The said commission has a rule confining rating for service (which includes conduct and efficiency) to service in the grade from which promotion is sought. Rule 15, subd. 6. The language of the said section of the charter is not mandatory that the competitor shall be given a rating for his acts of bravery in every succeeding grade in which he enters a competitive examination for promotion, without regard to whether they were performed in that grade.

The order should be reversed and the motion denied.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.